**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4587**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

STEVEN FION LYONS,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Terrence W. Boyle, District Judge.  (5:08-cr-00206-BO-1)

Submitted:  March 16, 2010          Decided:  March 22, 2010

Before NIEMEYER, MOTZ, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E.B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven Fion Lyons pled guilty to access device fraud, in violation of 18 U.S.C. §§ 1029(a)(5), (c) (2006) (Count One) and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (2006) (Count Two). Under the properly calculated advisory Sentencing Guidelines, his range of imprisonment was twelve to eighteen months on Count One, and the district court imposed a sentence of forty-eight months for that count. The district court also imposed a consecutive twenty-four month term of imprisonment on Count Two, as required by statute. Lyons appeals only the district court's variance on Count One, claiming that the reasons given by the court were not legally sufficient or procedurally reasonable.

We review a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. Procedural reasonableness is determined by reviewing whether the district court properly calculated the defendant's advisory Guidelines range and then considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-51. "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on

the record an 'individualized assessment' based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). Substantive reasonableness of the sentence is determined by "taking into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'" United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quoting Gall, 552 U.S. at 51).

We find the district court's sentence was both procedurally and substantively reasonable. The district court stated a number of specific reasons supporting its decision to vary upward on Count One, which reasons were fully supported by Lyons' criminal history and the record before the court.[*] Nor do we find any reversible error in the fact that the district court denied on the record the Government's motion to depart after announcing its variance decision, especially given that the

---

[*] Specifically, the district court stated that its variance was imposed: (1) because Lyons had multiple identity theft crimes over time and other crimes involving theft; (2) to provide Lyons sufficient time to obtain needed vocational training; (3) to afford adequate deterrence from further criminal conduct by removing Lyons from society for a period of time above that called for by the guidelines range; (4) to reflect the seriousness of the particular offense; and (5) to promote respect for the law. The record demonstrates that Lyons, whose work history was sporadic and unskilled, had been convicted of eleven felonies and ten misdemeanors, most of which involved identity theft; the longest time he had spent in prison was ten to twelve months.

court heard argument on the upward departure motion prior imposing the variance sentence.

Accordingly, we affirm Lyons' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4